**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MAGICAL FARMS, INC., ET AL.,** | ) | **CASE NO.1:03CV2054** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **LAND O'LAKES, INC., ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs' Motion for Reconsideration of Opinion and Order Granting Defendants' Motion for Summary Judgment as to Plaintiffs' Claims for Punitive Damages (ECF Dkt# 204). In the Court's Opinion and Order of January 3, 2006, (ECF Dkt # 162) the Court held that the *Preston v. Murty* decision controls in actions for punitive damages under a conscious disregard theory. *Preston,* 32 Ohio St.3d 334 (1987). The Court discussed the apparent contradiction contained within the body of the *Preston* opinion and the syllabus and seemingly contradictory application in subsequent Ohio Supreme Court decisions. Ultimately this Court held, pursuant to Ohio Rules for Reporting of Opinions, 1987, Rule 1(B), "the syllabus of a Supreme Court opinion states the controlling point of points of law." In addition, the Court noted that the *Preston v. Murty* standard is still the law in Ohio punitive damages

claims.

Plaintiff contends the Court misapprehended the law in Ohio, as the Ohio Rules for Reporting Opinions 1(B) was changed in 2002 and states, "the law stated in a Supreme Court opinion is contained within its syllabus (if one is provided) and its text, including footnotes." In addition, Plaintiff argues *Preston* was a personal injury case and, therefore, is not controlling law in a business tort case. Rather, Plaintiff directs the Court to the decision in *Digital & Analog Design Corp. v. North Supply Co.,* 44 Ohio St.3d 36, 44( 1989).

The Court did consider the change in the Supreme Court Rules for the Reporting Opinions and found the change did not affect its decision, for the simple reason that nothing in the revised rules indicates they should be retroactively applied. Tellingly, Plaintiff has not provided any case law to support a retroactive application of the 2002 revision, nor does Plaintiff cite to any portion of the revision indicating retroactive application. Therefore, the Court determined and remains convinced the syllabus holding of *Preston* remains the appropriate standard for determining malice under a conscious disregard standard.

Furthermore, even if this Court were to presume a retroactive effect to the revisions of 2002, Rule 1(B)(2) of the revised Supreme Court Rules for the Reporting of Opinions states, "if there is disharmony between the syllabus of an opinion and its text or footnotes, the syllabus controls." Therefore, the syllabus of *Preston* controls over the text of the opinion in *Preston*, even under the Revised Rules. Also, the text of *Digital* cites to *Preston* as the standard for malice in conscious disregard cases and analyzed the case under the *Preston* standard including, "the rights and safety of other persons." Therefore, any disharmony within *Digital* necessarily requires the Court look to the appropriate standard as set in *Preston* and reiterated in the text of *Digital.* Plaintiff has failed to demonstrate, to this Court's satisfaction, that a different standard

in conscious disregard cases should be applied, or is even recognized by Ohio Courts. Plaintiffs have not convinced the Court that a different standard should be applied in a business tort case, as the Ohio Supreme Court in *Digital* clearly examined punitive damages claims under the *Preston* standard and did not expressly revise the holding in *Preston*.[1] The Ohio Supreme Court has consistently held that *Preston v. Murty* is the standard for conscious disregard punitive damages in personal injury and business tort claims. No subsequent Ohio Supreme Court opinion has repudiated this standard , regardless of the nature of the claims. This Court is required to apply the applicable standard as established by the Ohio Supreme Court.

Therefore, Plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.

April 21, 2006         s/ Christopher A. Boyko
Date         CHRISTOPHER A. BOYKO
        United States District Judge

---

[1] Plaintiff cites to Moskovitz v. Mt. Sinai Medical Center, 69 Oh. St.3d 638 (1996) as an example of a case that addresses the standard for punitive demages for non-personal injury torts. Moskovitz states at 652,

"We find that the evidence adduced at trial fully supported an award of punitive damages under the standards set forth in the *Preston **syllabus.***" (Emphasis added).