**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MAGICAL FARMS, INC., ET AL.,** | ) | **CASE NO.1:03CV2054** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **LAND O'LAKES, INC., ET AL.,** | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Anthony Stachowski's ("Stachowski") Motion for Protective Order (ECF Dkt # 211), Plaintiff's Motion to Compel Discovery (ECF Dkt#220), Defendant's Motion for Protective Order ((ECF Dkt#224) and Dr. Stachowski's Motion to Quash Subpoena (ECF Dkt#225). For the following reasons, the Court denies Dr. Stachowski's Motion for Protective Order, in part, and grants, in part. The Court grants in part, Plaintiff's Motion to Compel and finds Defendant's Motion for Protective Order moot as the Court has previously ruled on the relevance of Mr. Safley's report (ECF Dkt#236) and now rules on Dr. Stachowski's prior settlement agreement. Finally, the Court finds the Motion to Quash the Subpoena issued Dr. Stachowski (ECF Dkt# 225), though moot due to the Court's continuance

1

of the June trial, contains issues the Court will address as this Order requires Dr. Stachowski to appear for deposition.

Mr. Stachowski moves for a Protective Order to prevent Plaintiff's use of a Settlement Agreement in an unrelated case involving Defendant's expert witness Mr. Anthony Stachowski. The Settlement Agreement was related to an action filed by the Alpaca Registry, Inc.("ARI") for alleged registration misconduct by Dr. Stachowski.  Libby Forstner, an owner of Magical Farms, was the President of the ARI at the time the Settlement Agreement was reached.  The Settlement Agreement contained a Confidentiality clause prohibiting any party from disclosing the terms and conditions of the Agreement.  Prior to Forstner's deposition, counsel for Plaintiff notified defense counsel that details of the settlement agreement may be disclosed in the deposition.  The terms were not disclosed during Forstner's deposition.

Plaintiff contends the Settlement Agreement is relevant to impeach Dr. Stachowski's testimony as Dr. Stachowski holds himself out as an expert in judging and appraising alpacas and holds himself out as being affiliated with the ARI.  It is also relevant to his bias or prejudice against Forstner and Dr. Stachowski's relationship with ARI.

Defendant argues the Settlement Agreement was improperly acquired and breaches the Confidentiality Agreement contained therein, which requires a court order and requires seventy two hour notice to an opponent of disclosure in a court proceeding.  Furthermore, it is not admissible under Fed. R. Evid. 408 and *Goodyear Tire & Rubber Co., v. Chiles Power Supply, Inc.,* 332 F.3d 976, 979-980 (6th Cir. 2003).

Defendant argues the following:

1)	Settlement negotiations are privileged pursuant to Fed R. Civ. P. 408 which holds

>Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

2) *Goodyear* case holds settlement negotiations are privileged as are any communications made in furtherance of settlement and are protected from third-party discovery.

3) Pursuant to Fed. R. Evid. 408, the Agreement itself is protected unless it is introduced for some purpose other than to prove the liability for or invalidity of the claim or its amount.

4) The settlement agreement is irrelevant to the suit *sub judice*. It does not involve the same parties or issues and should be excluded pursuant to Fed. R. Evid. 402 for its irrelevance.

5) It is highly prejudicial and should not be admitted pursuant to Fed. R. Evid. 403. Parties enter settlement agreements for reasons other than admissions of guilt.

6) The Court has authority to exclude evidence wrongfully obtained under Fed. R. Civ. P. 26 to prevent abuse.

Plaintiffs contend:

1) The information contained in the settlement agreement and the circumstances surrounding it are highly relevant as it goes directly to an expert's credibility in assessing the value of alpacas.

2) The information is highly probative to show a bias by Defendant's expert against Libby Forstner, part owner of Magical Farms, who was president of ARI, a party to the settlement agreement.

3) Under Fed. R. Evid. 408, the information sought does not go to proving the validity of a claim but is limited to impeachment purposes and is meant to address the veracity, truthfulness, bias and qualifications of Defendant's expert.

4) Because Plaintiffs are not parties to the settlement agreement they are not bound by its confidentiality provisions and requirements.

5) Rule 408 is an admissibility rule not a discovery rule and this information is fair game for

       deposition inquiry.  Also, Rule 408 does not prevent admissibility when offered for another purpose, i.e. bias or prejudice of a witness.

6) The existence of a settlement agreement and its terms are not generally privileged.  See *Grupo Conmudex, S.A. DE CV et al., v. SPX Corp. Et al.,* 331 F. Supp2d 623 , 629 (N.D. Ohio 2004).

7) The stipulated enforcement of sanctions entered into by Stachowski pursuant to an investigation by the ILR (llama registry which investigated Stachowski's improper valuation of an animal owned by him) was publicly available and therefore, should not be privileged.

The Court finds Plaintiffs are permitted to question Dr. Stachowski on the allegations arising from the action in Colorado and the settlement agreement as the information is relevant to the testimony Stachowski will offer.  Also, the information is discoverable under Fed. R. Evid. 408 for impeachment purposes and to show bias and/or prejudice as the *Goodyear* case did not preclude from discovery the settlement agreement itself, nor did it preclude from discovery the allegations alleged in a complaint . *Goodyear* prohibits the third-party discovery of communications in furtherance of settlement negotiations.

The Court finds Plaintiffs are prohibited from questioning Stachowski on the negotiations surrounding the settlement of the Colorado case.  Any impropriety regarding the method by which Plaintiffs obtained the settlement agreement is appropriately addressed by the Colorado court that approved the settlement agreement.  Therefore, Dr. Stachowski's Motion for Protective Order is denied, in part, as Plaintiffs are permitted to inquire into the subject of the allegations against Dr. Stachowski in the Colorado case and may inquire into the terms of the actual settlement agreement. This Court Orders Dr. Stachowski to answer the questions put to him regarding these areas of inquiry.  The Court grants Dr. Stachowki's Motion for Protective Order to the extent that Plaintiffs may not inquire into communications made by Dr. Stachowski

in furtherance of settlement negotiations in the Colorado case.  The parties are ordered to proceed with the deposition of Dr.. Stachowski within sixty days.

    Dr. Stachowski shall provide all documents requested in the subpoena duces tecum not expressly excluded as privileged by this Order.  The Court further Orders Plaintiffs to provide all reasonable expert fees as required under the Federal Rules.  The Court will not order sanctions in light of the additional time afforded Dr. Stachowski to comply with the discovery requested.

    IT IS SO ORDERED.


<u>November 17, 2006</u>              <u>s/Christopher A. Boyko</u>
Date                                 CHRISTOPHER A. BOYKO
                                       United States District Judge