UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAGICAL FARMS, INC., ET AL., | ) | CASE NO. 1:03CV2054 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| LAND O'LAKES, INC., ET AL., | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' Motion for Partial Summary Judgment (ECF Dkt # 97) seeking dismissal of damage claims for any alpaca injury unsupported by medical testimony and Defendants Motion to Strike Plaintiff's Supplemental Memorandum in Opposition to Summary Judgment on Causation (ECF Dkt#248).  For the following reasons, this Court grants, in part, Defendants' Motions.

## FACTS

Plaintiffs are owners of alpacas.  In February of 2003, Plaintiffs purchased alpaca feed from Defendants.  Plaintiffs' Complaint alleges salinomycin was present in the alpaca feed.

1

Salinomycin was not listed as an ingredient on the bags of feed purchased from Defendants. Between February and April of 2003, Plaintiffs allege over seventy-five alpacas died and over two hundred alpacas were injured as a result of the presence of salinomycin in the feed.

In support of their claims, Plaintiffs have produced the expert reports of two veterinarians, David E. Anderson, DVM, and Denise Stoll, DVM. Dr. Anderson's report does not discuss particular animals but discusses the effects of salinomycin on camelids in general. Dr. Stoll's report discusses in detail, the causal connection between alleged injuries or death suffered by particular alpacas belonging to Plaintiffs and the ingestion of salinomycin.

Defendants contend Dr. Stoll's report equivocates on the cause of injury to a number of animals and fails to state to a reasonable degree of medical certainty the causal connection between the injuries and ingestion of salinomycin. In many instances, Dr. Stoll's report says, "can be reasonably assumed" or "it is reasonable to assume" instead of "to a reasonable degree of medical certainty." Dr. Stoll has subsequently submitted an affidavit and amended expert report attesting when she used the above terms she really meant to say they were "more likely than not" or was "a reasonable veterinary probability". The Court subsequently struck Dr. Stoll's amended report as untimely.

Plaintiffs contend their damages are due to loss of personal property, not personal injury or pain and suffering inflicted on the alpacas. Therefore, the proper valuation of their damages is diminution of market value which does not require medical testimony. Plaintiffs have produced evidence that, regardless of whether their alpacas suffered any deleterious health effects due to the ingestion of salinomycin, their market value has been diminished. Furthermore, Plaintiffs contend if medical evidence is required they have supplied it. Plaintiffs believe they have

2

provided ample evidence to "support their claims for every animal which died from salinomycin poisoning." They also believe they have provided sufficient causal evidence that every alpaca which ingested salinomycin has suffered injury and Dr. Stoll's expert report is legally sufficient to support these claims.

## STANDARD OF REVIEW

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376. 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

3

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).  However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317). Furthermore, this Court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Circ. 1996). "Rather, the burden falls on the non-moving party to designate specific facts or evidence in dispute." *Anderson* at 249-250.

## ANALYSIS

Though this Court found no Ohio case that expressly states alpacas are personal property, there is ample case law to make that conclusion. Ohio Revised Code Section §5701.03 defines personal property as "every tangible thing that is the subject of ownership, whether ***animate*** or inanimate, including a business fixture, and that does not constitute real property as defined in section 5701.02 of the Revised Code." See also *Southall v. Gabel*, 33 Ohio Misc. 194 (Franklin Cty. Muni. 1972), (horses are personal property), *Oberschlake, et al., v. Veterinary Assocs. Animal Hospital*, 151 Ohio App.3d 741 (2003) (dogs are personal property), *Winland v. Winland*, No. 04 BE 20, unreported, 2005 WL 678563 (Ohio App. 7th Dist. March 17, 2005 ) (cattle are personal property).

To be entitled to compensation, plaintiff bears the burden of proving his damages. *Columbus Fin. Inc. v. Howard* (1975), 42 Ohio St.2d 178, 184. "When a defendant causes a loss

4

to the plaintiff's personal property, the general rule is that damages are to be measured by the difference between the fair market value of the property immediately before the loss and the fair market value of the property immediately after the loss." *Akro-Plastics v. Drake Industries,* (1996) 115 Ohio App.3d 221, 226 citing *Cooper v. Feeney* (1986), 34 Ohio App.3d 282, 283.

"When market value cannot be feasibly obtained, a more elastic standard is resorted to, sometimes called the standard of value to the owner." *Bishop v. East Ohio Gas Co.* (1944), 143 Ohio St. 541, 546. "This value is determined via consideration of a number of factors including value to the owner, original cost, replacement cost, salvage value, if any, and fair market value at the time of loss." *Cooper,* at 284.

However, when the personal property damage involves an injury to an animal resulting in physical or mental disability, any causal connection between the injury and disability must be established by competent medical testimony the same as if the injury occurred to a person.  See *Southall* at 198.  Therefore, for any injury relating to Plaintiffs' animals in which Plaintiffs allege disability of the animal as damages, medical testimony is required.

### Reasonable Degree of Medical Certainty

"Medical experts must render opinions based upon probabilities, not merely in terms of possibilities." *Becker v. Lake County Memorial Hosp. West,* (1990) 53 Ohio St.3d 202, 207, citing *Cooper v. Sisters of Charity,* (1971), 27 Ohio St.2d 242.  In *Stinson v. England,* (1994) 69 Ohio St.3d 451, the Court held,

"An event is probable if there is a greater than fifty percent likelihood that it produced the occurrence at issue." Citing *Cooper v. Sisters of Charity,* at 253. "Consequently, expert opinion regarding a causative event, including alternative causes, must be expressed in terms of

5

probability irrespective of whether the proponent of the evidence bears the burden of persuasion with respect to the issue." *Stinson,* at 451.

In the medical report of Dr. Stoll, she opines some animals' injuries occurred to a "reasonable degree of medical certainty," whereas other animals "it is reasonable to assume" their injuries were the result of salinomycin ingestion. Plaintiffs contend the "reasonable to assume" language is stated in terms of probability and such probabilities make it more likely than not that the injuries were a result of the ingestion of salinomycin. Defendants contend the "reasonable to assume" language does not meet the evidentiary rule requirement that medical opinion testimony be to a reasonable degree of medical certainty. This Court agrees with Defendants. The very purpose of expert testimony is to offer evidence that deals in probabilities and does not rely on mere speculation. "[T]he expert's opinion is admissible as long as it provides evidence of more than mere possibility or speculation." *Butler v. Minton,* No. E-05-61, *unreported* ,2006 WL 2640269 (Ohio App. 6th Dist., Sept. 15, 2006).

This Court believes the phrase "it is reasonable to assume" is not legally sufficient to equate with a reasonable degree of medical certainty nor does it speak to probabilities. When one "assumes" something they are making a conclusion unsupported by tests, observation or data and providing no assistance to a jury on the causal connection in question. This does not appear to be a case where Dr. Stoll was simply unfamiliar with the legalese required in expert reports, as she draws the distinction that some animals injuries or death were the result "to a reasonable degree of medical certainty" while other injuries could only be reasonably assumed to have been from the ingestion of salinomycin. Nor does the fact something is "reasonable to assume" establish a greater probability than not that something occurred. Assumption is the enemy of the

6

law and lawyers, antithetical to the very concepts of proof, evidence and logic, all indispensable elements of our American legal system. An assumption is not unreasonable if there is a less than fifty percent chance it actually occurred. Therefore, the Court will not permit expert testimony on the injuries to those alpacas not supported by medical testimony to a reasonable degree of medical certainty.

However, the Court is not precluding Plaintiffs from offering evidence on the fair market diminution of value to all its animals as a result of ingesting tainted feed. The Court will examine the evidence offered at trial in light of this ruling and the purpose for which it is offered. If the damages claimed go to the disability of the animal and any subsequent damages arising therefrom, plaintiffs must offer legally sufficient medical evidence. If the damages alleged are the loss of the value of personal property, then evidence of fair market value is appropriate and admissible.

Finally, Plaintiffs contend Defendants' admission in a separate proceeding that its tainted feed caused the resulting damage to alpacas in Ohio warrants denial of Defendants' Motion for Summary Judgment. The Court finds this evidence, while instructive, probative and relevant, is not definitive, since the evidence already presented demonstrates not all alpacas that ingested the salinomycin died. Furthermore, this Court holds it is Plaintiffs' burden to demonstrate that any death or injury to an alpaca, allegedly due to ingestion of salinomycin, must be causally linked to the ingestion of salinomycin, by expert testimony.

Therefore, the Court grants, in part, Defendants' Motion for Partial Summary Judgment and excludes any medical evidence that does not allege a higher probability than not of a causal connection between the injury alleged and the ingestion of tainted feed.

7

### Defendants' Motion to Strike

On October 3, 2006, the Court permitted supplemental briefs on the Motion for Partial Summary Judgment and granted leave for Plaintiffs to file a supplemental expert report. Plaintiffs filed an affidavit of one expert, Dr. Denise Stoll, DVM, attesting to the authenticity of the attached supplemental expert report. The Court is troubled by the lack of any incorporating language in the affidavit; however, the Court will not strike the report or affidavit because they comport with the federal rules in timeliness and form.

However, the Court does find problematic Plaintiffs' expert's conclusion, unsupported by any reference to methodology, facts or data. Of particular concern is the fact that Plaintiffs' expert is now able to extrapolate from the necropsy of two additional alpacas a broad and sweeping diagnosis of two hundred plus additional animals that she was either unable or unwilling to opine on with the necropsies available to her at the time of her first report and subsequent deposition. Because her conclusory statement, "all animals that ate the salinomycin contaminated feed in March of 2003 experienced muscle damage that may not otherwise be manifested in clinical signs or bloodwork," is unsupported by "reliable principles and methods," the Court finds this portion of Dr. Stoll's report does not meet the requirements of Fed. R. Evid. 702. Furthermore, the supplemental expert report is silent as to what principles or methods Dr. Stoll applied in reaching her conclusion that all animals ingesting the feed suffered muscle damage now when she could not in her prior report or deposition. Therefore, the Court orders this conclusory statement stricken from Dr. Stoll's supplemental report as failing to comport with the requirements of Fed. R. Evid. 702. Dr. Stoll's opinion requires a jury make a leap of faith in determining causation rather than providing the jury probative opinion testimony based on

8

accepted scientific principles that would aid the jury in its findings. Dr. Stoll's conclusory statement fails to inform the jury on causation. Finally, the Court notes that it had been informed previously in chambers by Plaintiffs' counsel that they understood no such conclusion could be made absent an actual necropsy report on each individual animal. "An expert's opinion must be excluded only if it is so fundamentally unsupported that it can offer no assistance to the jury." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.,* 356 F.3d 850, 858 (8th Cir. 2004).

Therefore, the Court grants, in part, Defendants' Motion for Partial Summary Judgment insofar as the death of any alpaca subsequent to the receipt of tainted feed needs to be supported by evidence to a reasonable degree of medical certainty that the cause of death was the ingestion of the tainted feed. For those animals still living, plaintiff may prove causation and damages by fair market value or medical testimony. The Court grants Defendants' Motion to Strike Plaintiffs' Supplemental Memorandum in Opposition to Summary Judgment, in part, striking the expert's conclusion that "all animals that ate the salinomycin contaminated feed in March of 2003 experienced muscle damage that may not otherwise be manifested in clinical signs or bloodwork."

IT IS SO ORDERED.

12/8/06

Date

CHRISTOPHER A. BOYKO
United States District Judge

9