**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | | |
|---|---|---|
| **MAGICAL FARMS, INC., et al.,** | ) | **CASE NO. 1: 03CV2054** |
| | ) | |
| **PLAINTIFFS,** | ) | **JUDGE CHRISTOPHER BOYKO** |
| | ) | |
| | ) | |
| | ) | |
| **LAND O'LAKES, INC., et al.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**DEFENDANTS LAND O' LAKES AND LAND O' LAKES FARMLAND FEED,**
**LLC'S PROPOSED JURY INSTRUCTIONS**

Now comes the Defendants Land O'Lakes, Inc., and Land O'Lakes Farmland

Feed, LLC ("Defendants") by and through counsel, and respectfully submits the attached

Proposed Jury Instructions in this matter.  Defendants specifically reserve the right to

submit additional proposed jury instructions should the events at trial warrant same.

Respectfully submitted,

**Sutter, O'Connell & Farchione Co. L.P.A.**

/s/ Jonathan M. Menuez
Jonathan M. Menuez, Esq.  (0064972)
Thomas H. Terry, III, Esq. (0062551)
3600 Erieview Tower
1301 East 9th St.
Cleveland, Ohio 44114
216-928-2200
216-928-4400 fax

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO.1

### INTRODUCTION

1.　　　Members of the jury:  You have heard the evidence and the arguments of counsel.  It is now the duty of the court to instruct you on the law which applies to this case.  The court and the jury have separate functions.  You decide the disputed facts and I give the instructions of law.  It is your sworn duty to accept these instructions and to apply the law as it is given to you.  You are not permitted to change the law, nor to apply your own ideas of what you think the law should be.


1 OJI 3.01

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2**

### PRELIMINARY MATTERS

FACTS AND ISSUES NOT DISPUTED.   There are certain facts concerning the case that are not in dispute.  Defendants have made specific admissions in this case.  They are as follows:  (Defendants' admissions are attached)

## DEFENDANTS" PROPOSED JURY INSTRUCTION NO.3

### BURDEN OF PROOF

1.      BURDEN OF PROOF.  The person who claims that certain facts exist must prove them by a preponderance of the evidence.  This duty is known as the burden of proof.

2.      BURDEN ON PLAINTIFF.  The burden of proof is on the plaintiffs to prove the facts necessary for its case by a preponderance of the evidence.

1 OJI 3.10

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

### PREPONDERANCE

1.    DEFINITION.   Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it.  A preponderance means evidence that is more probable, more persuasive, or of greater probative value.  It is the quality of the evidence that must be weighed.  Quality may, or may not, be identical with quantity.

2.    CONSIDER ALL EVIDENCE.   In determining whether an issue has been proved by a preponderance of the evidence, you should consider all of the evidence, regardless of who produced it.

3.    EQUALLY BALANCED.  If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, the party who has the burden of proof has not established such issue by a preponderance of the evidence.

1 OJI 3.50

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5

### EVIDENCE AND INFERENCES

1.      DEFINITION.  Evidence is all the testimony received from the witnesses, the exhibits admitted during the trial and facts agreed to by counsel.

2.      Evidence may be direct or circumstantial, or both.

3.      DIRECT EVIDENCE.  Direct evidence is the testimony given by a witness who has seen or heard the facts to which he testifies.  It includes exhibits admitted into evidence during the trial.

4.      CIRCUMSTANTIAL EVIDENCE.  Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow, according to the common experience of mankind.

5.      INFERENCE.  To infer, or to make an inference, is to reach a reasonable conclusion of fact which you may, but are not required to, make from other facts which you find have been established by direct evidence.  Whether an inference is made rests entirely with you.

1 OJI 5.10

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6

### EVIDENCE EXCLUDES

1.      The evidence does not include the pleadings or any statement of counsel made during the trial, unless such statement was an admission or agreement admitting certain facts.  The opening statements and the closing arguments of counsel are designed to assist you.  They are not evidence.

2.      EVIDENCE STRICKEN.   Statements or Answers ordered stricken, or to which the court sustained an objection, or which you were instructed to disregard are not evidence and must be treated as though you never heard them.

3.      OBJECTIONS AND SPECULATION.   You must not guess why the court sustained the objection to any question or what the answer to such question might have been.  You must not consider as evidence any suggestion included in a question that was not answered.

1 OJI 5.20

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7

## CREDIBILITY

1.      JUDGES OF THE FACTS.  You are the judges of the facts, the credibility, and the believability of the witnesses, and the weight of the evidence.

2.      To weigh the evidence, you must consider the believability of the witnesses. You will use the tests of truthfulness which you use in your daily lives.

3.      TESTS.  These tests include the appearance of each witness upon the stand; his manner of testifying; the reasonableness of the testimony; the opportunity he or she had to see, hear and know the things concerning which he testified; his or her accuracy of memory; frankness or lack it; intelligence, interest and bias, if any; together with all the facts and circumstances surrounding the testimony. Use these tests and assign to each witness' testimony such weight as you think proper.

4.      ALL OR PART.  You are not required to believe the testimony of any witness simply because he or she was under oath.  You may believe or disbelieve all or any part of the testimony of any witness.  It is your duty to determine what testimony to believe and what testimony not to believe.

1 OJI 5.30

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8**

### DEPOSITIONS, TRANSCRIPTS AND INTERROGATORIES

1.      USED FOR IMPEACHMENT OR CREDIBILITY.  If statements in a deposition or interrogatory differ from the testimony given by the same witness in the court room, you may consider them to test the credibility of such witness.


2.      USE OF ANSWERS TO INTERROGATORIES.  Evidence has been introduced consisting of written questions and answers previously submitted to one of the parties.  Such evidence is to be considered according to the usual tests that are applied to the witnesses.  You may consider the fact that such questions were formally submitted and the answers made in writing.


1 OJI 5.31

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9

### EXPERT WITNESS AND HYPOTHETICAL QUESTION

1.      OPTIONAL.  Normally, a witness may not express an opinion.  However, one

who follows a special line of work may express his or her opinion because of

education, knowledge, and experience.   Such testimony is admitted for

whatever assistance it may provide to help you to arrive at a just verdict.

2.      HYPOTHETICAL QUESTION.  Questions have been asked in which expert

witnesses were permitted to assume that certain facts were true and to give an

opinion based upon that assumption. You must determine whether the assumed

facts on which the expert(s) based (his) (her) (their) opinions are true.  If any

assumed fact was not established by a preponderance of the evidence, you will

decide the effect of that failure on the value of the opinion(s) of the expert(s).

3.      OPINION NOT BASED ON HYPOTHETICAL QUESTION.  Questions have

been asked of expert witness(es) after (he) (she) (they) had disclosed the

underlying facts or data.  It is for you, the jury, to determine if such facts or

data on which (he) (she) (they) based (his) (her) (their) opinion(s) are true, and

you will determine the weight to give such evidence.

4.  WEIGHT OF EXPERT TESTIMONY.  As with other witnesses, on you alone rests the duty of deciding what weight to give to the testimony of the expert(s). In deciding its weight, consider (his) (her) (their) skill, experience, knowledge, veracity, familiarity with the facts of this case, and the usual rules for testing credibility and determining the weight to give to testimony.

1 OJI 5.70

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10

<u>PROXIMATE CAUSE</u>

1.     SEPARATE ISSUE.  A party who seeks to recover for damage must prove not

only that the other party was negligent, but also that such negligence was a

proximate cause of damage.


2.     DEFINED.  Proximate cause exists where an act or failure to act, in a natural and

continuous sequence, directly produces the damage and without which it would

not have occurred.


1 OJI 11.10

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11

### REMOTE CAUSE OR CONDITION

1.      A person is not responsible for damage to another if his negligence is a remote

cause and not a proximate cause.


2.      DEFINITION.  A cause is remote when the result could not have been reasonably

foreseen or anticipated as being the natural or probable cause of any damage.


1 OJI 11.20

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

### DAMAGES

1.  MEASURE OF DAMAGE. If you find for the Plaintiffs, you will determine an amount of money that will reasonably compensate the plaintiffs for the damage to the property.  The measure of damage which you apply is the difference in the fair market value of the property immediately before, and immediately after the damage to the property.

1 OJI 23.40

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13</u>

<u>DAMAGES –DECEASED ANIMALS</u>

The Defendants have admitted liability for the deaths of 73 animals, it is therefore your duty to determine the amount of damages have been proven by the Plaintiffs with reasonable certainty.

The market that determines the measure of recovery for a person whose property has been destroyed is that to which he would have to resort in order to replace the subject property. Thus the retail dealer of alpacas, such as Plaintiffs, may recover the wholesale fair market value.

If the goods and personal property belonging to a dealer are wrongfully damaged or destroyed, the fair market value of the goods is to be determined by the replacement cost, or the wholesale value of the goods.

You may only award damages whose existence and amount have been proven to you by the Plaintiffs with reasonable certainty.  You may not award damages that are remote, speculative or based on conjecture.

*Akro Plastics v. Drake Industries* (1996), 115 Ohio App.3d 221

*Gahanna v. Eastgate Properties, Inc*. (1998), 36 Ohio St.3d 65

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14

### DAMAGES –LIVE ANIMALS

Plaintiffs claim that the animals which ingested feed containing salinomycin have a decreased market value.  Before making a determination of loss of value you must determine whether the Plaintiffs have proven by a preponderance of the evidence that each specific animal has sustained a tangible injury.

If you find that the Plaintiffs have proven that each specific animal sustained a tangible injury you must then determine the nature of that tangible injury and whether or not the Plaintiffs have proven by a preponderance of the evidence that the injury proven is the direct and proximate cause of a decrease in the value of that animal and the amount of value which was lost.

If the goods belonging to a dealer are wrongfully damaged or destroyed, the fair market value of the goods is to be determined by the replacement cost, or the wholesale value of the goods.

*Queen City Terminals v. Gen. Am. Transp. Corp.* (1995), 73 Ohio St.3d 609

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15

### LOST PROFIT DAMAGES CAUSED BY
### TORTIOUS CONDUCT OF ANOTHER AS CLAIMED BY MAJESTIC MEADOWS
### FARM ONLY

1.  DAMAGES - LOST PROFITS.  A plaintiff may recover profits lost as a result
    of a defendant's tortious conduct if such damages may naturally be expected
    to follow from the wrongful act and if the damages are reasonably
    ascertainable.[1]

2.  BURDEN OF PROOF – To establish lost profits, the plaintiff Majestic
    Meadows Farm must prove by a preponderance of the evidence that the
    alleged lost profit was the result of an injury to its property proximately
    caused by the defendant.[2]  An award of lost profits requires a direct causal
    connection between the injury and the alleged lost profit.[3]

3.  Lost profits are calculated by deciding what the value of the Majestic
    Meadows Farm's alpacas were, had they not been damaged.  From this sum,

---

[1] *Henry v. Akron* (1985), 27 Ohio App.3d 369, 372 (9th Dist. App.) (citing *Zimmerman v. Isaly Dairy Co.* (1956), 165 Ohio St. 354).

[2] *Queen City,* (1995), 73 Ohio St.3d 609, 614;  *Chemtrol Adhesives, Inc. v. American Manu. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 43-44; *Picker Int'l, Inc. v. Mayo Foundation* (N.D. Ohio 1998), 6 F.Supp.2d 685, 689.

[3] *Queen City, supra.*

you should subtract the amount, if any, that the Majestic Meadows Farm saved by not having to continue to raise the alpacas.[4]


4.  REASONABLY CERTAIN.  You may only award damages whose existence and amount have been proved to you by the Plaintiffs with reasonable certainty.  You may not award damages that are remote, speculative, or based on conjecture.[5]

---

[4] *Zimmerman v. Isaly Dairy Co.* (1956), 165 Ohio St. 354; *Allen, Heaton & McDonald, Inc. v. Castle Farm Amusement Co.* (1949), 151 Ohio St. 522, 526; 2 O.J.I. § 253.29.
[5] *Gahanna v. Eastgate Properties, Inc.* (1988), 36 Ohio St.3d 65; *AGF, Inc. v. Great Lakes Treating Co.* (1990), 51 Ohio St. 3d 241, 466 N.E.2d 883.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16

### QUOTIENT VERDICT

1.      If you find for the plaintiffs, you may not agree in advance to accept an average figure as the amount of your verdict.  If a figure is reached by obtaining an average, such amount is not a proper verdict unless each juror thereafter individually exercises his judgement and decides whether or not he will accept such amount.  All twelve members of the jury must individually accept the amount before it can be a fair and just verdict.

1 OJI 23.75

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17

### MITIGATION OF DAMAGES

1.    A party injured by the negligence of another must use reasonable care and diligence to minimize the resulting damage, or to avoid the damage altogether. This means that the injured party must make reasonable efforts to ensure that the damage is as light as possible. The injured party can not remain idle and allow their damages to worsen. If the injured party does remain idle, and the damages worsen as a result, such party cannot recover any damages that could have been avoided.

*Henry v. City of Akron*, 27 Ohio App.3d 369, 372 (9th Cir. 1985); *Jicha v. American Luminous Ceiling*, 1989 WL 142815 (8th Cir. 1989); *Farkas v. Ramage*, 2000 WL 1429419 (8th Cir. 2000).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18**

FUTURE LOST DAMAGES

There is no evidence that the Plaintiffs will suffer any future economic harm. You are hereby instructed that you are not to consider future economic losses in arriving at any verdict.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19**

CLOSING INSTRUCTION

1.      GENERAL.  The court has given you the instructions on the law applicable to

this case.  I will now instruct you on how to conduct your deliberations and

prepare your verdict(s).

2.      SELECTION OF (FOREMAN) (FOREWOMAN).  When you go to the jury

room, your first function will be to select one of your number to serve as

(foreman) (forewoman).   The person you select to preside over your

deliberations does not have any greater power nor does that person's vote have

any more importance than others.  He or she serves the purpose of helping to

conduct your deliberations in an orderly manner and to give each of you the

opportunity to express your opinion.  One additional duty of the fore(man)

(woman) is to see that the verdict forms and any exhibits are returned to the

court after you have reached a verdict.

3.      VERDICT FORMS.  I will now read the verdict forms and caution you not to

make any reference by reason of the order in which I read them.  (Read forms).

4.      REQUIRED NUMBER TO REACH VERDICT - UNANIMOUS.  In order to

conclude this case, it is necessary that all twelve members of the jury agree

upon the verdict.  The members of the jury agreeing upon the verdict must sign their names to the form of verdict to which they have agreed.

5.      DISCUSSING VERDICT.  You are warned not to discuss your verdict until it has been returned to the court, nor are you to discuss the status of your deliberations with anyone.

6.      VERDICT SIGNED.  When you have reached and signed a verdict, you will summon the bailiff who will return to the courtroom at which time your verdict will be announced.

1 OJI 25.10

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20

### COMMON CLOSING REMARKS

1.      The court cannot embody all the law in any single part of these instructions.  In considering one portion, you must consider it in the light of and in harmony with all the instructions.


2.      The court has instructed you on all the law necessary for your deliberations.  Whether or not certain instructions are applicable may depend upon the conclusions you reach on the facts by a preponderance of the evidence.  For example, the court does not know whether you will need to apply the instructions on the measure of damages or comparative negligence since that would depend upon the verdict you reach.  If you have an impression that the court has indicated how any disputed fact should be decided, you must put aside such an impression because that decision must be made by you, based solely upon the facts presented to you in this courtroom.


3.      SYMPATHY.  Circumstances in the case may arouse sympathy for one party or the other.  Sympathy is a common, human emotion.  The law does not expect you to be free of such normal reactions.  However, the law and your oath as jurors require you to disregard sympathy and not to permit it to influence your verdict.

4.      You must not be influenced by any consideration of sympathy or prejudice.  It
is your duty to weigh the evidence, to decide the disputed questions of fact, to
apply the instructions of law to your findings and to render your verdict(s)
accordingly.  Your duty as jurors is to arrive at a fair and just verdict.

5.      Your initial conduct upon commencing deliberation is a matter of importance.
It is not wise to express immediately a determination to insist upon a certain
verdict.  Having so expressed yourself, your sense of pride may be aroused,
and you may hesitate to give up your position even if shown that it is not
correct.

6.      Consult with one another in the jury room, and deliberate with a view to
reaching an agreement if you can do so without disturbing your individual
judgment.  Each of you must decide this case for yourself.  You should do so,
however, only after a discussion of the case with the other jurors.  Do not
hesitate to change an opinion if convinced that it is wrong.  However, you
should not surrender your considered opinion concerning the weight of the
evidence in order to be congenial or to reach a verdict solely because of the
opinion of other jurors.

1 OJI 25.50

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21

### ALTERNATE JUROR(S)

1.    Jurors selected as alternates are not permitted to participate in the jury's deliberations unless one or more of the regular jurors is unable to complete (his) (her) service due to illness or other misfortune.  We are pleased that no such incident has occurred.  It will not be necessary for the alternate(s) to render further service in this case.

2.    CAUTION TO ALTERNATE(S).  Even though you will not be required to render further service in this case, the court must restrict you from discussing the case with anyone or revealing to anyone how you would have voted.  After the jury has returned its verdict and it is announced in court, you are released from this restriction and at that time you may, if you wish, discuss the case.

3.    After the jury retires to the jury room to deliberate, you are to return to the jury assignment room for further instructions.

4.    I want to acknowledge the valuable service rendered by the alternate(s) and express my thanks as well as the thanks of the community.

1 OJI 25.30

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22

### FINAL CLOSING INSTRUCTIONS

1. Until your verdict is announced in open court, no juror is permitted to disclose to anyone the status of your deliberations or the nature of your verdict.  This order must be strictly obeyed.

2. After your verdict is returned and announced in court, you may discuss the case with anyone.  You are not required to do so; it is a matter of your own free choice.

3. I want to thank you and express the appreciation of the citizens of this community for your services as jurors.  By providing this service you have contributed toward continuing the unique system of justice which we enjoy in the United States of America.

1 OJI 25.90

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been filed electronically this  26th  day of February, 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Jonathan M. Menuez
Jonathan M. Menuez, Esq. (0064972)

Thomas H. Terry, III (0016340)