IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAGICAL FARMS, INC., et al. | ) | CASE NO. 1:03CV2054 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **PLAINTIFFS MAGICAL FARMS, INC.,** |
| | ) | **ET AL'S ADDITIONAL PROPOSED** |
| LAND O'LAKES, INC., et al. | ) | **JURY INSTRUCTIONS ON BREACH OF** |
| | ) | **WARRANTY** |
| Defendants. | ) | |

PROPOSED JURY INSTRUCTION NO. 74: WARRANTIES—INTRODUCTION ................................................................ 2

PROPOSED JURY INSTRUCTION NO. 75: EXPRESS WARRANTIES—FORMATION ................................................. 3

PROPOSED JURY INSTRUCTION NO. 76: EXPRESS WARRANTIES—PROMISE OR AFFIRMATION OF FACT ...................... 4

PROPOSED JURY INSTRUCTION NO. 77: EXPRESS WARRANTIES—BASIS OF BARGAIN ........................................ 5

PROPOSED JURY INSTRUCTION NO. 78: EXPRESS WARRANTIES-SELLER'S KNOWLEDGE; TRUTH OF THE SELLER'S PROMISE OR AFFIRMATION FACT ............................................................................................................ 6

PROPOSED JURY INSTRUCTION NO. 79: EXPRESS WARRANTIES—TIME OF MAKING PROMISE OR AFFIRMATION ........ 7

PROPOSED JURY INSTRUCTION NO. 80: EXPRESS WARRANTIES—GOODS DESCRIBED BY DESCRIPTION ...................... 8

PROPOSED JURY INSTRUCTION NO. 81: IMPLIED WARRANTIES—FITNESS FOR A PARTICULAR PURPOSE ................... 9

PROPOSED JURY INSTRUCTION NO. 82: IMPLIED WARRANTIES—COURSE OF DEALING OR USAGE OF TRADE .......... 10

PROPOSED JURY INSTRUCTION NO. 83: DAMAGES FOR BREACH OF EXPRESS OR IMPLIED WARRANTY .................... 11

PROPOSED JURY INSTRUCTION NO. 84: DAMAGES FOR BREACH OF EXPRESS OR IMPLIED WARRANTY—INCIDENTAL DAMAGES ........................................................................................................................................... 12

PROPOSED JURY INSTRUCTION NO. 85: DAMAGES FOR BREACH OF EXPRESS OR IMPLIED WARRANTY—CONSEQUENTIAL DAMAGES ................................................................................................................. 13

**PROPOSED JURY INSTRUCTION NO. 74:** WARRANTIES—INTRODUCTION

You must also determine if Defendants Land O' Lakes, Inc. and Land O' Lakes Farmland Feed, LLC (collectively, "Defendants") made a warranty relating to the quality of the alpaca feed it sold to Plaintiffs Magical Farms, Inc. ("Magical Farms") and Majestic Meadows Alpacas, Inc. ("Majestic Meadows") and whether Defendants breached this warranty. There are two types of warranties that may accompany a sale of goods:

1. An "express warranty," arising from the agreed terms of the sale;

2. An "implied warranty," arising from the fact that a sale was made.

Both types of warranties may exist in the same sale. If Defendants breached either type of warranty, Magical Farms and Majestic Meadows have remedies, which will be discussed later.

*References:* 3 OJI §362.11

**PROPOSED JURY INSTRUCTION NO. 75**: EXPRESS WARRANTIES—FORMATION

An "express warranty" exists when a (1) Seller or its representative made a "promise or an affirmation of fact" regarding its goods; and, (2) The promise or affirmation of fact became a part of the "basis of the bargain" of the sale of the seller's goods to the buyer. In such a case, the seller has made an express warranty that the goods will conform to the promise or affirmation of fact.

If you find that Defendants made a "promise or an affirmation of fact" regarding the quality of its alpaca feed, such as the alpaca feed being unadulterated and toxin-free; and, (2) Defendants' promise or affirmation of fact became a part of the "basis of the bargain" of its sale of the alpaca fed to Magical Farms and Majestic Meadows, Defendants made an express warranty that its alpaca feed would conform to its promise or affirmation of fact.

*References:* 3 OJI §362.11

**PROPOSED JURY INSTRUCTION NO. 76:** EXPRESS WARRANTIES—PROMISE OR AFFIRMATION OF FACT

A seller of goods has made a "promise or affirmation of fact" if, from the facts and circumstances in evidence, you find that a reasonable person in the position of a buyer would believe that the seller had promised something or made an affirmation of fact about its goods.

*References:* 3 OJI §362.11

**PROPOSED JURY INSTRUCTION NO. 77**: EXPRESS WARRANTIES—BASIS OF BARGAIN

In order for an express warranty to exist, a seller's promise or affirmation did not have to be the sole motivating factor prompting the buyer to purchase its goods. Nor did a buyer have to rely upon the seller's promise or affirmation. A seller's promise or affirmation need only be one of the reasons, or bases of the bargain, of the sale between the buyer and the seller. If you find, however, that a buyer did rely on a seller's promise or affirmation of fact, the promise and affirmation of fact would then be part of the basis of the bargain.

*References:* 3 OJI §362.11

**PROPOSED JURY INSTRUCTION NO. 78**: EXPRESS WARRANTIES-SELLER'S KNOWLEDGE; TRUTH OF THE SELLER'S PROMISE OR AFFIRMATION FACT

A seller has made an express warranty through its promise or affirmation of fact, whether or not the seller knew the affirmation of fact was untrue or intended that the promise would be performed.

*References:* 3 OJI §362.11

**PROPOSED JURY INSTRUCTION NO. 79:** EXPRESS WARRANTIES—TIME OF MAKING PROMISE OR AFFIRMATION

In order for an express warranty to exist, a seller need not make its promise or affirmation before a sale is made. An express warranty can exist based upon a promise or affirmation of fact made after the sale, if you find that the promise or affirmation of fact became a part of the basis of the bargain.

*References:* 3 OJI §362.11

**PROPOSED JURY INSTRUCTION NO. 80:** EXPRESS WARRANTIES—GOODS DESCRIBED BY DESCRIPTION

If a seller describes its goods in a certain way, such as in a label, guaranty, or table of ingredients, and that description becomes a part of the basis of the bargain between the parties, the seller has expressly warranted that the goods will conform to its description. It is not necessary that the description be the sole basis of the bargain; it is sufficient if the description is one of the bases of the bargain.

*References:* 3 OJI §362.11

**PROPOSED JURY INSTRUCTION NO. 81:** IMPLIED WARRANTIES—FITNESS FOR A PARTICULAR PURPOSE

An implied warranty of "fitness for a particular purpose" is created if you find:

1. That the seller had reason to know the intended use of the goods;

2. That the seller had reason to know that the buyer was relying on the seller to furnish goods which would perform the intended use; and,

3. That the buyer did, in fact, rely on the seller's skill and judgment in furnishing the goods.

The buyer need not have told the seller that the buyer intended to use the goods for a particular purpose. Nor is the buyer required to have told the seller that the buyer was relying on the seller's skill and judgment to furnish the goods for a particular purpose; it is sufficient that the seller had reason to know these facts.

Thus, you must find that Defendants breached an implied warranty for fitness of a particular purpose if they had reason to know Magical Farms' and Majestic Meadows' intended use of Defendants' alpaca feed, that Defendants had reason to know that Magical Farms and Majestic Meadows were relying on Defendants to furnish alpaca feed which they could feed to their alpacas, and that Magical Farms and Majestic Meadows did, in fact, rely on the Defendants' skill and judgment in furnishing their alpaca feed.

*References*: 3 OJI§ 362.15

**PROPOSED JURY INSTRUCTION NO. 82**: IMPLIED WARRANTIES—COURSE OF DEALING OR USAGE OF TRADE

  In a contract for the sale of goods, a seller impliedly warrants that its goods will conform to those goods previously purchased by a buyer in the seller's and buyer's "prior course of dealing." A seller also impliedly warrants that its goods will conform to the typical "usage" of its goods in the "trade" in which the parties are engaged.

  A "course of dealing" is prior conduct between the seller and the buyer with respect to the seller's sale of goods and which serves as a basis for the parties to understand each other's conduct towards one another.

  A "usage of trade" is any practice by a seller and a buyer in their industry that has such regularity of observance that the buyer is justifying in expecting that this practice will be observed in any transaction between the seller and the buyer. The existence and scope of such a usage are to be proved as facts.

  If you find that Defendants and Magical Farms and Majestic Meadows had prior courses of dealing with respect to the purchase of Defendants' alpaca feed and that Defendants' sale of salinomycin-containing alpaca feed did not conform to this prior course of dealing, you must find that Defendants' breached an implied warranty that its alpaca feed would conform to this prior course of dealing.

  Likewise, if you find that Defendants' salinomycin-containing alpaca feed was atypical of alpaca feed used the alpaca industry, you must find that Defendants' breached an implied warranty that its alpaca feed would conform to a usage of trade.

*References:* 3 OJI §362.13; R.C. § 301.11

**PROPOSED JURY INSTRUCTION NO. 83:** DAMAGES FOR BREACH OF EXPRESS OR IMPLIED WARRANTY

    If you find that Defendants breached an express or implied warranty after Magical Farms and Majestic Meadows purchased their salinomycin-contaminated alpaca feed, Magical Farms and Majestic Meadows are entitled to the difference between the value of the purchased alpaca feed and the value of the alpaca feed, if as warranted by Defendants. To measure these damages, you must first determine the value of the alpaca feed as warranted and then subtract the value of the alpaca feed as purchased.

*References*: 3 O.J.I. §362.45

**PROPOSED JURY INSTRUCTION NO. 84**: DAMAGES FOR BREACH OF EXPRESS OR IMPLIED WARRANTY—INCIDENTAL DAMAGES

If you find that Defendants breached an express or implied warranty, Magical Farms and Majestic Meadows are entitled to recover "incidental damages" as well. Incidental damages include, but are not limited to, expenses reasonably incurred in inspection, receipt, transportation, and care and custody of goods rightfully rejected, and any commercially reasonable charges, expenses or commissions in connection with purchasing substitute goods.

*References*: 3 OJI §362.51; R.C. §1302.89

**PROPOSED JURY INSTRUCTION NO. 85**: DAMAGES FOR BREACH OF EXPRESS OR IMPLIED WARRANTY—CONSEQUENTIAL DAMAGES

If you find that Defendants breached a warranty, Magical Farms and Majestic Meadows are also entitled to recover any consequential damages proximately resulting from any breach of warranty including, but not limited to, damages to their property.

*References*: 3 OJI 362.51; R.C. §1302.89

Respectfully submitted,

/s/ Philip R. Bautista
Robert J. Valerian (0001533)
Douglas V. Bartman (0073103)
Philip R. Bautista (0073272)
Kahn Kleinman, LPA
1301 East Ninth Street
2600 Tower at Erieview
Cleveland, OH 44114-1824
(216) 696-3311
(216) 623-4912 (Fax)
rjvalerian@kahnkleinman.com
dbartman@kahnkleinman.com
pbautista@kahnkleinman.com
*Attorneys for Plaintiffs, Magical Farms, Inc.
and Majestic Meadows Alpacas, Inc.*

15

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2007, a copy of the foregoing Plaintiffs' Magical Farms, Inc.'s and Majestic Meadows Alpacas, Inc.'s Proposed Additional Jury Instructions was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Philip R. Bautista
*One of the Attorneys for Plaintiffs, Magical Farms, Inc. and Majestic*