UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MAGICAL FARMS, INC., ET AL., | CASE NO.1:03CV2054 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | |
| LAND O'LAKES, INC., ET AL | ORDER |
| Defendant. | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendants' Motions in Limine. The Court issues the following rulings:

*Defendants' Motion in Limine #7 Requesting Preclusion of Fact Witnesses from Offering Expert Testimony Regarding Alpaca Breeding, Animal Value, and Market Perception.* (ECF #322).

Held- Granted in part. Plaintiffs' lay witnesses may not testify to the subject of alpaca breeding, values or market perception beyond that which is rationally related to their own perception and complies with Fed. R. Evid. 701.

*Defendants' Motion in Limine #8 Requesting Exclusion Evidence of Special Damages (ECF #323).*

Held- Overruled. Veterinary expenses are not special damages, i.e. damages that do not follow as a necessary consequence of injury complained of.

*Defendants' Motion in Limine #10 Requesting Exclusion of Reference to Settlement Negotiations*

1

*(ECF # 327).*

Held- Granted. Any use of settlements or negotiations for purpose of bias or corporate control is outweighed by prejudice. Also, Plaintiff can show bias of expert and the corporate control of Land O' Lakes in other ways.

*Defendants' Motion in Limine #11 Requesting Exclusion of Videotapes of Dying Alpacas (ECF #328).*

Held- Granted in part. Court will only allow brief video on general background on alpacas and alpaca farms.

*Defendants' Motion in Limine #3 Requesting Exclusion of Testimony of Market Value as a Measure of Damages (ECF #329).*

Held- Overruled. The Court finds wholesale value is an inappropriate measure of damages in the alpaca industry where alpaca values are unique to each individual animal as opposed to goods sold in bulk. The Court finds persuasive the opinion of the Delaware Court *Felhaber, et al., v. Indian Trails, Inc. et al.,* 286 F. Supp. 499 (D.C. Del. 1968). Furthermore, the Court finds support for its conclusions in the fact that Defendants own proposed jury interrogatories ask the jury to determine an individual value for each alpaca.

*Defendants' Motion in Limine #6 Requesting Exclusion of Reference to Defendants' Acquisition of Purina Mills, LLC (ECF#332).*

Held- Moot as Defendants withdraw the Motion.

*Defendants' Motion in Limine #12 Requesting Exclusion of Reference to or Evidence of Alleged Quality Assurance Manual Violations and Refusal to Take Numerous Actions Following the*

*Underlying Incident (ECF #333).*

Held- Denied in part and granted in part. The Court denies Defendants' Motion to Exclude Reference to the Quality Assurance Manual as it is relevant to Plaintiffs' claims in Count IV of the Complaint. The Court grants exclusion of reference to Defendants refusal to reprimand employees and refusal to pay Plaintiffs after an alleged promise to do so. Plaintiffs have agreed not to introduce evidence on these issues. The Court grants exclusion of reference to Land O'Lakes alleged lack of funding for research on long term effects of Salinomycin on alpacas because Land O'Lakes lack of funding research is not a cause of Plaintiffs' claimed injury.

*Defendants' Motion in Limine #13 Requesting Exclusion of Reference to Other Alpacas from Other Litigation (ECF #334).*

Held- Overruled. Plaintiffs may refer to alpacas from other farms and owners to show effect on the market for surviving animals and for bias regarding Defendants' expert's animals. However, Plaintiffs should not confuse the jury with testimony that is lengthy or voluminous documents concerning alpacas from farms other than Plaintiffs'. Evidence of symptoms or injuries to one alpaca does not prove proximate causation of injuries or symptoms suffered by another alpaca.

IT IS SO ORDERED.

FILED
MAR 9 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

CHRISTOPHER A. BOYKO
United States District Judge