**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | | |
|---|---|---|
| **MAGICAL FARMS, INC., et al.,** | ) | **CASE NO. 1: 03CV2054** |
| | ) | |
| **PLAINTIFFS,** | ) | **JUDGE CHRISTOPHER BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LAND O'LAKES, INC., et al.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**DEFENDANTS' BENCH MEMORANDUM REGARDING MITIGATION OF
DAMAGES INSTRUCTIONS AND ARGUMENTS**

NOW COME Defendants, Land O'Lakes, Inc., and Land O'Lakes Farmland Feed, LLC ("Land O'Lakes"), and hereby submit this Memorandum to the Court outlining the reasons that the jury instructions pertaining to mitigation of damages as proposed by Defendants are appropriate in this matter. There is ample support for this Court to rely upon to allow mitigation of damages to proceed to the jury when controlling law on this issue is coupled with the evidence elicited at trial. Furthermore, despite the distinguishing merits of the cases presented by Plaintiffs on this issue, even these cases support the position that mitigation of damages is appropriate for consideration by the jury. In the end, Plaintiffs simply cannot overcome the fact that mitigation became a pertinent issue in this case the moment all but one of the animals at issue were intentionally pulled from the market.

It is well-settled that an individual who is injured has a duty to mitigate damages by taking reasonable steps to minimize the resulting damages. The general rule is that an injured party has a duty to mitigate and may not recover for damages that could reasonably have been avoided. However, the obligation to mitigate does not require the party to incur extraordinary expense and risk. *Chicago Title Ins. Co. v. Huntington Natl. Bank* (1999), 87 Ohio St.3d 270, 276. This means that the injured party must make reasonable efforts to ensure that the damage is

as light as possible. *Henry v. City of Akron* (9th Cir. 1985), 27 Ohio App.3d 369, 372.  A plaintiff cannot remain idle and thus enhance their damages. *Henry v. City of Akron* (9th Cir. 1985), 27 Ohio App.3d 369, 372.  This duty requires a plaintiff to exert reasonable, practical care and diligence in their efforts to mitigate damages.  *Provident Bank v. Barnhart* (1992), 3 Ohio App.3d 316, 320.

Plaintiffs had a duty to attempt to sell their alpaca to minimize any claimed damage but chose to remain idle.  The testimony is clear, prior to the subject accident, that Plaintiffs engaged in selling their alpacas, by way of private sale and auction.  Plaintiffs never attempted to sell their alpaca after the accident.  Libby Forstner testified that Plaintiff Magical Farms sold alpacas at auctions prior to the subject accident.  *Trial Transcript* at 1508.  Magical Farms sale of alpacas was also documented in their tax returns.  *Id.* at 1699-1701 *(testimony of Mr. Buffo).*  From 1997 until 2004, Plaintiff Magical Farms sold 1,084 alpacas.  *Id. (testimony of Mr. Buffo).*  Since the incident, Plaintiff Magical Farms has not attempted to sell any alpaca that they believe was "affected."  *Id* at 1509.

Similarly, prior to the accident, Majestic Meadows sold nine alpaca, between 2002 and 2004.  *Id.* at 1703 *(testimony of Mr. Buffo).*  Plaintiff Majestic Meadows testified, by way of Mr. and Mrs. Farley, that after the subject accident they made no effort to attempt to sell their alpacas.  *Id.* at 276 *(testimony of Mrs. Farley)* and 1371 *(testimony of Mr. Farley).*  The testimony establishes that Plaintiffs ceased taking reasonable steps in minimizing their damages by refraining from attempting to selle the alpacas that they believe were "affected."

In Ohio, cases dealing with the sale of real property have routinely stated that a seller, being under a duty to mitigate damages, has an obligation to consummate a new sale as expeditiously as possible. *Peterman v. Dimoski*, Hamilton App. No. C-020116, 2002-Ohio-7337.

Although a sale may not have been "pending" at the time of the alleged incident, there is ample evidence that Plaintiffs routinely engaged in selling alpacas prior to the subject accident. For the same reasons that a real property owner must attempt to minimize damages by consummating a sale within a reasonable timeframe, Plaintiffs had a duty to continue in their sale of alpacas by way of private sale and auction.

Plaintiffs have attempted to argue that they could not sell their alpaca as there was no "market" for sale of their alpaca. This argument is improper and disconnected from the evidence presented at trial. Common sense dictates that there was a market for Plaintiffs' alpacas as Plaintiffs own expert, Michael Safley, testified to his believed market value of the alpaca after the accident. If there is no market, then all of Mr. Safley's testimony was unreliably based upon a fictitious and speculative market. Plaintiffs cannot have a "market" to establish value, and then say that no market existed.

Plaintiffs' own case law supports allowing mitigation of damages in this case. For example, in support of their argument that Defendants had the burden to demonstrate removing the alpacas from any sale was "commercially unreasonable," Plaintiffs' rely upon *Young v. Frank's Nursery & Crafts, Inc,* 58 Ohio St.3d 242 (1991). In *Young*, the court dealt with an anticipated breach of contract claim against a buyer of evergreen boughs. The court ultimately determined the burden was on the buyer-defendant to show the decision not to sell the boughs was commercially unreasonable. However, in this case, Defendants have met this burden. There was testimony elicited at this trial that one alpaca was sold at approximately two-thirds its appraised value. As testified to by Libby Forster, all other alpacas were pulled from the market. Furthermore, Plaintiff's own expert admits these alpacas had some market value. Based upon this evidence alone, the decision as to whether or not the market was reasonably accessible is a question of fact for the jury

to decide upon. Defendants submit that when this evidence is considered there was a reasonably accessible market that Plaintiffs failed to take advantage of to mitigate their damages. Therefore, even in the face of the attempted application of the *Young* case, it is still proper for this Court to allow arguments and instructions on mitigation of damages.

Similarly, Plaintiffs attempt to support their burden shift argument with an employment discrimination case, *Rasimas v. Michigan Department of Mental Health,* 716 F.2d 614 (1983). Despite the blatantly distinguishable facts of this case, the *Rasimas* court recognized the "ancient" operation of the duty to mitigate damages to operate as prevention of claimants from recovering damages which they could have avoided through "reasonable diligence." *Id.* at 623. Once again, Plaintiffs own admission that the alpacas at issue were never put up for sale demonstrates a complete lack of any diligence. The consequences of this decision are two-fold. First, Plaintiffs avoided the potential availability to recover equivalent value for these alpacas. Second, Plaintiffs failed to use any care or diligence. In essence, Plaintiffs own admissions, underlying actions, and the evidence of one sold alpaca provide all the evidence necessary to satisfy this burden held by the Defendants.

Finally, Plaintiffs suggest the holding in *N.R.C., Inc. v. Satis America Corporation*, 1986 WL 1064 (Ohio App. 8 Dist), another breach of contract case, demonstrates that mitigation of damages does not apply where there is an alleged lack of an available market. This argument is also improper. As recognized by the *Satis* court, "the doctrine of avoidable consequences, i.e. mitigation of damages, stipulates that an injured party is not required to do what is unreasonable or impractical when such action is undertaken. *Id.* at \*5. The *Satis* court also recognized that the allegedly injured party is required to use "reasonable care and diligence to mitigate the damages." *Id.* at \*5 and \*6, citing *F. Enterprises, Inc. V. Kentucky Fried Chicken Corp.* (1976), 47 Ohio St.2d 154, 159-60. It

was not an extraordinary measure for Plaintiffs to attempt to sell these alpacas considering that one sale had already resulted in the realization of two-thirds the alpaca's value.

        Respectfully submitted,

        **Sutter, O'Connell & Farchione Co. L.P.A.**


        */s/* Thomas H. Terry, III
        Thomas H. Terry, III, Esq. (0016340)
        Jonathan M. Menuez, Esq. (0064972)
        3600 Erieview Tower
        1301 East 9th St.
        Cleveland, Ohio 44114
        216-928-2200
        216-928-4400 fax

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been filed electronically this 30th day of March, 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Thomas H. Terry, III
Jonathan M. Menuez, Esq. (0064972)
Thomas H. Terry, III (0016340)