UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MAGICAL FARMS, INC., et al., | CASE NO. 1:03CV02054 |
| Plaintiffs, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| | OPINION AND ORDER |
| LAND O' LAKES, et al., | |
| Defendants. | |

## CHRISTOPHER A. BOYKO, J.:

This matter comes before the Court upon the Motion (ECF DKT #462) of Plaintiffs, Magical Farms Inc. ("Magical Farms") and Majestic Meadows Alpacas, Inc. ("Majestic Meadows"), for New Trial pursuant to Fed. R. Civ. P. 59. For the reasons that follow, the Motion for New Trial is DENIED.

## FACTUAL BACKGROUND

On April 3, 2007, pursuant to a Jury Trial, the jury returned a verdict and judgment was entered finding Defendants Land O' Lakes and Land O' Lakes Farmland Feed, LLC liable on Plaintiffs Magical Farms and Majestic Meadows' claim of negligently distributing alpaca feed contaminated by salinomycin that subsequently killed, injured and came into contact with a number of Plaintiffs' animals. The jury awarded Magical Farms $1,607,666.60 in compensatory damages, which included the agreed veterinary expenses of $83,000 after Defendants admitted liability to Magical Farms. The jury also awarded Majestic Meadows $30,500 in compensatory

1

damages.

Plaintiffs have moved for a New Trial claiming inadequate damages, pursuant to Fed. R. Civ. P. 59.

## LAW

### I. Standard of Review-Motion for a New Trial

Fed. R. Civ. P. 59 states in pertinent part:

(a) Grounds. A new trial may be granted to all or any of the parties on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States....

Rulings on motions for a new trial attacking the verdict as against the weight of the evidence are reviewed for abuse of discretion. *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 528 (6th Cir. 2005). Upon ruling on a motion for a new trial, the trial court can weigh the evidence. *Woodbridge v. Dahlberg*, 954 F.2d 1231, 1234 (6th Cir. 1992). Nonetheless, the motion should be denied if the verdict is one that could have reasonably been reached; and the verdict should not be considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable. *Walker v. Bain*, 257 F.3d 660, 670 (6th Cir. 2001). Generally, a new trial is warranted "when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion...." *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1045-46 (6th Cir. 1996). If a new trial is sought due to inadequate damages, the new trial remedy is "appropriate only where the evidence indicates that the jury awarded damages in an amount substantially less than unquestionably proved by the plaintiff's

2

uncontradicted and undisputed evidence." *Walker*, 257 F.3d at 674.

## PLAINTIFFS' ARGUMENTS AND THE COURT'S ANALYSIS

I. **"The $1,597,666.60 award of compensatory damages to Magical Farms is against the weight of the evidence, is inconsistent and is inadequate compensation for the injuries that the Jury determined Magical Farms suffered for its deceased and surviving alpacas as a proximate result of Defendants' negligence and negligent manufacture of feed.**

    A. **The Jury's determination that that [sic] fair market value of Magical Farms' deceased alpacas, for which Defendants admitted liability, is $1,514,666.60, is against the weight of the evidence in this case and is inadequate."**

Plaintiff Magical Farms contends the jury failed to award Magical Farms the fair market value of the deceased alpacas, which is the proper measure of damages in this case. Plaintiff points to the testimony of Libby Forstner ("Forstner") and Michael Safley ("Safley") as the "only" evidence presented to the jury as to the fair market value of the sixty-nine dead alpacas, which Safley valued at $4,679,000. Magical Farms argues the two-thirds reduction of Safley's valuation cannot be supported by the evidence. Plaintiff further contends the testimony of Stephen Buffo ("Buffo") that the average prices for Magical Farms' animals reported on its tax returns as being $14,559 was not the fair market value of the dead alpacas. Furthermore, Buffo testified he did not have the expertise to put a value on any alpaca. For these reasons, Magical Farms argues "the award can only be the result of speculation, compromise, confusion, passion or prejudice on the Jury's part."

The Court agrees with Defendants the jury need not accept any testimony. If the damage award is supported by some competent, credible evidence, the trial court will be deemed not to have abused its discretion. *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996). Here, the jury

3

gravitated towards Buffo's testimony, as the damage award is closer to his valuation. Buffo's testimony was certainly competent, credible evidence. Thus, it follows the jury wholly rejected Safley and Forstner's testimony, which is entirely within its discretion. In *Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 797-98 (6th Cir. 1996), the court held a jury may reject testimony even if formally uncontradicted. The court went on to say the jury is free to accept or reject expert testimony. *Id.* Here, Plaintiff's expert testimony was contradicted but need not be accepted, even had it not been contradicted. Furthermore, it was clearly within the jury's province to consider the relationship between Safley and the Forstners in assessing Safley's credibility.

Furthermore, the jury was given a plethora of exhibits and information to examine, such as; tax records of Plaintiffs, purchase values of each alpaca, sale values of sold alpacas and historical records of each alpaca. Each and any of these exhibits could have led the jury to a reasonable decision regarding the lost value for Magical Farms' deceased alpacas.

In light of the evidence presented to the jury, the Court finds the jury's award was based on competent, credible evidence and is not inadequate, and therefore, denies Plaintiff's Motion for New Trial on this ground.

> B. "The Jury's award of $5000 each in compensatory damages for the deaths of alpacas Celeste Moon and Masquerade is against the weight of the evidence in this case and is inadequate."

Plaintiff Magical Farms contends the only evidence produced at trial regarding these two alpacas was Safley's testimony both were valued at $15,000 prior to the ingestion of the tainted feed and Forstner's testimony Masquerade was valued at $14,000 and Celeste Moon was valued at $12,000. The jury award reduced Safley's valuation by two-thirds once again. Plaintiff argues

4

this reduction was not consistent throughout its verdict based on the award of $12,500 to Majestic Meadows for Cassiopeia, which was valued by Safley at $25,000. Further, Magical Farms argues they are also inconsistent with Buffo's average sales price of $14,559. Plaintiff argues the jury was "merely speculating on values without regard to the evidence in this case."

Again, the jury need not accept the testimony of Safley, Forstner or Buffo. They had other evidence cited previously from which a value could be produced. Furthermore, the jury need not follow this apparent "two-thirds reduction" of Safley's valuation in regard to every animal. Indeed, Plaintiff's own testimony throughout the trial attempted to show alpacas vary greatly in price based on a number of different factors. The jury appears to have considered all the evidence offered and arrived at its own pecuniary value calculation in regard to these two alpacas. *See Reed v. PST Vans, Inc.*, 156 F.3d 1231 (6th Cir. 1998). Given the deference due to a jury decision, in this case, the jury did not award damages in an amount substantially less than unquestionably proved by Plaintiff's uncontradicted and undisputed evidence. *See Anchor v. O' Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996). For example, the jury could have decided, after hearing all the evidence regarding these two animals, they were worth less than the average alpaca. This is a reasonable decision and this Court should deny a Motion for New Trial if the verdict is reasonable. *Greenwell v. Boatwright*, 184 F.3d 492, 499 (6th Cir. 1999).

Therefore, because the jury's award was not against the weight of the evidence, the Court denies Plaintiff's Motion for New Trial on this ground.

> C. **"The Jury's award of '$0' in compensatory damages for the injuries to Magical Farms for its surviving alpacas, which the Jury determined were proximately caused by Defendants, is against the weight of the evidence in this case, is inconsistent on its face, and is inadequate to compensate Magical Farms for its loss in market value to the**

**surviving alpacas."**

Plaintiff Magical Farms contends the jury was logically required to find a diminished fair market value after finding Defendants proximately caused the injuries to their surviving alpacas. Magical Farms notes Plaintiff Majestic Meadows received a jury award for its surviving alpacas, which included twelve animals co-owned by both companies. In awarding no damages, Plaintiffs contend the jury's award was inconsistent, thus entitling them to a new trial.

Again, the jury was presented with ample evidence to make a logical and just determination. As Defendants mention, Plaintiffs fail to acknowledge the lack of compensatory damages could be the result of a lack of proof by Plaintiffs.

Furthermore, the testimony by the Forstners that the alpacas were not for sale as a result of this lawsuit, or that they were not for sale at all was likely damaging to Magical Farms. As a result, the jury could well have found Magical Farms deprived the alpacas of any market value by their refusal to sell.

Regarding the co-owned animals, following the same logic, the jury could have found the decision to not sell the alpacas extended to those co-owned with Majestic Meadows. Taking it further, Magical Farms' allegation that the award was based on co-owned animals is only an assumption, as the verdict was not given on each individual animal, besides those mentioned specifically in the interrogatories.

Magical Farms further alleges Defendants produced no evidence at trial the fair market value of the surviving animals was undiminished. This contention is answered in the same manner; there was ample evidence for the jury to conclude the market value was not diminished and, by removing the alpacas from the market, Magical Farms may not have convinced the jury

of the supposed diminished value, as there was no sold alpaca to support their argument. Plaintiffs shoulder the burden to prove damages and the witnesses chosen by Magical Farms to testify to the diminution of value was not enough to convince the jury there was, in fact, compensatory damages that should have been awarded to their surviving alpacas.

Since the damage award was supported by some competent, credible evidence, the Court denies Plaintiff's Motion for New Trial on this matter.

II. **"The award of $30,500 in compensatory damages to Majestic Meadows is against the weight of the evidence, is inconsistent, and is inadequate compensation for the injuries sustained by Majestic Meadows for their deceased and surviving alpacas.**

> A. **The Jury's award of $12,500 in compensatory damages for the death of Cassiopeia is against the weight of the evidence in this case and is inadequate."**

Plaintiff Majestic Meadows contends the $12,500 damage award to alpaca Cassiopeia was speculative and was not reasonably grounded on any evidence produced at trial. Majestic Meadows makes the same argument as Magical Farms, in that Plaintiff's witnesses were the only witnesses who testified as to fair market value and the testimony of the economist, Buffo, was not evidence of fair market value.

Again, the jury is not required to accept any testimony. The records and exhibits the jury had before them were enough to produce a just and reasonable damage award. This Court should deny a Motion for New Trial if the jury verdict is reasonable, which the Court so finds. Therefore, the Court denies Plaintiff's Motion for New Trial on this argument.

> B. **"The Jury's award of $18,000 in compensatory damages for the injuries to Majestic Meadows for its surviving alpacas, which the Jury determined were proximately caused by Defendants, is against the weight of the evidence in this case, is inconsistent on its face, and is inadequate to compensate Magical Farms for its loss in market value**

7

**to the surviving alpacas."**

Plaintiff Majestic Meadows contends the verdict is inconsistent on its face because of the aforementioned zero damage award to Magical Farms for their surviving alpacas, yet the jury awarded $18,000 to Majestic Meadows for their surviving alpacas. This issue was already analyzed and the Court did not find any inconsistency.

The difference between the evidence produced by the two Plaintiffs is Majestic Meadows was able to offer a cancelled sale and a partial refund. Thus, the jury had more factual evidence to find a loss in market value than it had with Magical Farms.

Therefore, because there was evidence on which the jury could base their decision, the Court denies Plaintiff's motion on this matter.

### III. "The Jury was confused and/or Plaintiffs were prejudiced by improper jury instructions and Defense counsel's improper argument of Ohio law applicable to this case."

Plaintiffs contend the Court erred in allowing an instruction on failure to mitigate damages to go to the jury because Defendants failed to produce any evidence at trial in support of this affirmative defense. Plaintiffs further contend their Provisional Jury Instruction should have been submitted to the jury rather than Defendants' instruction which, Plaintiffs argue, failed to provide the jury with the relevant considerations and a basis in Ohio law to reach a determination as to whether Plaintiffs failed to mitigate their damages in the following ways:

(1) The Jury was not instructed, that in order to prove that Plaintiffs failed to mitigate their damages by failing to sell the surviving alpacas, Defendants must demonstrate, by a preponderance of the evidence, that a market of buyers existed for the purchase of the alpacas that ingested salinomycin to whom Plaintiffs could have sold the surviving alpacas.

(2) The charge failed to inform the Jury that under Ohio law, a finding of failure to

8

>   mitigate is not a complete bar to recovery, but merely prohibits recovery of increased loss.
>
> (3) The charge provided absolutely no guidance to the Jury on how a finding of failure to mitigate should factor into their award of damages to Plaintiffs, or reduce that award, if at all.

Plaintiffs argue their proposed instruction correctly stated the law and included guidance on all the omitted issues outlined above. They further contend the Court's failure to provide adequate instruction prejudiced Plaintiffs and resulted in a verdict "that is against the weight of the evidence, is illogical, speculative, inconsistent, unreasonable and an inadequate award of damages for Plaintiffs' [sic] as set forth above."

Plaintiffs further contend the Court made evidentiary rulings in closing argument which resulted in prejudice to Plaintiffs and confusion to the jury. This allegation concerns several sentences allowed into the record during Defendants' closing argument regarding Defendants' belief that Plaintiffs produced no evidence the animals had not recovered and the fact the animals are on the farm and still reproducing. Plaintiffs argue these comments were irrelevant to the injuries suffered by Plaintiffs, being the loss of value of the surviving alpacas after ingesting the defective feed. Further, these alleged improper arguments were counter to the Court's instruction and were prejudicial and confusing to the jury resulting in a verdict "that is against the weight of the evidence...."

The Court finds the jury had ample evidence to make the decision whether Defendant proved by a preponderance of the evidence Plaintiffs' failure to properly mitigate damages. The jury, at the very least, knew Magical Farms admitted it did not intend to sell its animals after ingesting the defective feed. They also had evidence of a cancelled sale and at least a partial

9

refund by Majestic Meadows, not to mention the myriad of other evidence at the jury's disposal. Certainly, this goes against Plaintiffs' argument Defendants "failed to present any evidence...." In fact, there was sufficient evidence presented to support a jury finding on the issue of mitigation of damages. *See Jones v. Consol. Rail Corp.*, 800 F.2d 590, 592 (6th Cir. 1986).

Regarding the Jury Instruction on mitigation of damages, the Court finds no error. It accurately states Ohio law and the Court and counsel had in-depth conversations regarding this instruction. *See, e.g., First Nat'l Bank of Akron v. Cann*, 503 F. Supp. 419 (N.D. Ohio 1980); *Wilson v. Kreusch*, 111 Ohio App. 3d 47 (Ohio Ct. App. 1996). The Affirmative Defense Instruction stated the burden was on Defendants to prove failure to mitigate damages; the instruction, in no way, suggests to the jury a failure to mitigate was a complete bar to recovery; and it need not state specifically how to compute the damages, should they find a failure to mitigate, because the Court already instructed them, "[t]he injured party may not recover damages that could have been reasonably avoided."

Therefore, the Jury Instruction given did not prejudice Plaintiffs, as it accurately stated Ohio law on the mitigation of damages and provided enough information for the jury to arrive at a reasonable verdict. Jury instructions are not prejudicial if they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its determination. *Whittington v. N.J. Zinc Co.*, 775 F.2d 698, 700 (6th Cir. 1985). For the same reasons, the Court concludes there was no error in its failure to submit Plaintiffs' proposed instruction.

Regarding the apparent violation of the Motion in Limine, the Court finds the allowance of the statements mentioning "recovery" was consistent with the evidence heard during the trial.

10

Motions in Limine are characterized as an "advisory opinion subject to change as events at trial unfold." *Cline v. United States*, 999 F.2d 539 (6th Cir. 1993). It follows that the Court is not completely bound by a Motion in Limine. "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous limine ruling." *Luce v. United States*, 469 U.S. 38, 41 (1984). Furthermore, although facially contrary to the Motion in Limine, the statements could not be said to have prejudiced the jury, as they had already been made during the course of the trial and the jury was instructed as to the definition of fair market value. Therefore, the Court denies Plaintiffs' Motion for New Trial on this ground.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for New Trial is DENIED.

**IT IS SO ORDERED.**

DATE: 12/13/07

*Christopher A. Boyko*
**CHRISTOPHER A. BOYKO**
**United States District Judge**

FILED
DEC 13 2007
CLERK OF COURTS
U.S. DIST. CT., N.D.O.