**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MAGICAL FARMS, INC., ET AL.,** ) | **CASE NO.1:03CV2054** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| **LAND O'LAKES, INC., ET AL.,** ) | **OPINION AND ORDER** |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs Magical Farms, Inc. and Majestic Meadows Alpacas, Inc.'s Objection and Appeal from the Order of the Magistrate Judge ordering Plaintiffs to pay Defendants' expert witness Dr. Anthony Stachowski fees and costs in the amount of $10,536.50. Plaintiffs object on the basis that Dr. Stachowski's invoice only shows he copied 3,371 documents and not 11,000 which Defendants alleged he produced. Also, Dr. Stachowski billed for 39 and 1/4 hour for looking for documents and billed for office staff time in searching for documents requested by Plaintiffs in a subpoena duces tecum. Plaintiffs contend Federal Rule of Civil Procedure 26(b)(4)(C) does not permit billing for staff time, but is limited to billing only for the time the expert spends in discovery. Finally, Plaintiffs contend the hours spent by Plaintiffs deposing and in dealing with Dr. Stachowski's production were wasted because Dr. Stachowski was never called as a witness at trial.

Defendants contend Plaintiffs never objected to this Court's order on the hourly rate to be charged by Dr. Stachowski. Furthermore, Dr. Stachowski produced over 11,000 documents in

1

response to Plaintiffs' duces tecum request though the invoice only bills for 3,371 documents copied. Finally, as the Magistrate Judge pointed out in her Order, Plaintiffs' argument on staff fees is circular. On one hand, they complain that Dr. Stachowski should have used staff members to search for documents rather than search for records himself at a higher hourly rate (Dr. Stachowski rate $125/hr. his staff rate $25/hr.). On the other hand, Plaintiffs complain Dr. Stachowski should not be permitted to bill for the hours his staff looked for the documents.

This Court may only reverse or modify a Magistrate Judge's Order if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). *See also McQueen v. Beecher Cmty. Schools,* 433 F.3d 460, 472 (6th Cir. 2006). Because it is undisputed the parties agreed to the hourly rate billed by Dr. Stachowski and the parties never sought a cap on the hours expended, there is nothing erroneous in the Magistrate Judge's Order. The Magistrate Judge awarded the invoiced amount for Dr. Stachowski's services. Also, a plain reading of Fed. R. Civ. P 26(b)(4)(C) does not restrict payment of expert fees to the time the expert alone spent in responding to discovery nor did this Court's Order of January 12, 2007 limit time billed for document retrieval to time spent by Dr. Stachowski alone. Therefore, the Court denies Plaintiffs' Objection and Appeal and orders immediate payment of the $10,536.50 ordered by the Magistrate Judge.

IT IS SO ORDERED.

 s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

May 14, 2008